UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONNY CROOK,

        Plaintiff,

v.                              Case No. 3:05-cv-356-J-32MMH

M. STUBBS, etc.;

        Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Ronny Crook, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a "Title II of the Americans with Disabilities Act/Section 504 of the Rehabilitation Act of 1973 Discrimination Complaint Form" (hereinafter Complaint) on February 8, 2005, in the United States District Court for the Northern District of Florida. The case has been transferred to this Court for further proceedings. In the Complaint, Plaintiff Crook names M. Stubbs at Columbia Correctional Institution as the only Defendant and claims his assigned inmate assistant is not sufficient for his religious needs. He requests the assignment of Jason Davidson as his inmate assistant to help him with his religious studies since he and inmate Davidson study the same religion and are in the same dormitory.

Plaintiff submitted an inmate request to Ms. Thudds (the Head of Impaired Inmate Assistants) and to the Medical Department on December 3, 2004, specifically requesting the assistance of Jason Davidson since he "would be most suitable to be my assistant because I mostly need help reading my religious material and help with my religious studies and me and inmate Davison are of the same religion (Wicca)."  Inmate Request, attached to the Complaint. Defendant M. Stubbs (the Secretary Specialist) responded:  "You are assigned an impaired inmate assistant that is in your dorm.  He is Michael Suggs DC #165173."  Id.  Thereafter, on December 21, 2004, Plaintiff Crook submitted an informal grievance to the Warden, stating that the inmate assistant assigned to him "does not know what he is doing."  Informal Grievance, attached to the Complaint. In response, on January 7 2005, the Department's representative stated: "There is nothing forbidding you from discussing your religious beliefs with someone other than you[r] assistant."  Id. On January 8, 2005, Plaintiff submitted a Request for Administrative Remedy or Appeal to the Secretary of the Florida Department of Corrections, stating he is not satisfied with his assigned inmate assistant and again requesting the help of Jason Davidson. Request for Administrative Remedy or Appeal, attached to the Complaint.  The Department denied the administrative appeal, stating that the response Plaintiff received at the institutional level "is found to appropriately address the concerns that you

2

raised at the institutional level as well as the Central Office level." Id.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim

may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. <u>Bilal v. Driver</u>, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), <u>overruled on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd by</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579 (11th Cir. 1995).

The Court is convinced, upon review of the Complaint, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation. Upon review of the documents submitted by Plaintiff, Plaintiff filed an inmate request, informal grievance and a request for administrative remedy or appeal, requesting the assignment of inmate Davidson to assist him with his religious studies. The Department responded that he was already assigned inmate Suggs, but he could discuss his religious beliefs with someone other than his assistant. It is

clear that Plaintiff's constitutional rights have not been violated. Here, at most, Plaintiff is dissatisfied with the prison's choice for his assigned impaired inmate assistant. Defendant Stubbs has not violated Plaintiff's federal constitutional rights.

Further, it is clear that the ADA applies to state prisons. <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206, 209-10 (1998). Assuming *arguendo* that Plaintiff suffers from a disability, this Court is of the opinion that Plaintiff has failed to state a cognizable claim under that statute.

Upon review, "there is no private right of action for damages" under the ADA. <u>Jairath v. Dyer</u>, 154 F.3d 1280, 1283 (11th Cir. 1998). Thus, Plaintiff cannot seek monetary compensation for a violation of the act. Further, "individuals are not subject to personal liability under § 12132 for violations of Title II of the ADA." <u>Miller v. King</u>, 384 F.3d 1248, 1276 (11th Cir. 2004). Plaintiff has failed to state a cognizable claim for injunctive relief. The ADA provides that "no qualified individual with a disability, **by reason of such disability**, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Plaintiff does not claim that he is excluded from any service, program, or activity offered by the prison or otherwise

5

subjected to discrimination by such entity by reason of his alleged disability.  Apparently, Plaintiff contends that he should be able to choose his own assigned inmate assistant.  Plaintiff does not claim that he is denied any benefit or service generally available to inmates on the basis of his disability.  Plaintiff has not shown, in the words of the statute itself, that any action to deny him the right to choose his assigned inmate assistant was "by reason of such disability."  42 U.S.C. 12132.

Plaintiff has not adequately presented or supported a claim under the ADA.  Thus, Plaintiff has failed to state a claim upon which relief can be granted.

In light of the above, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.   The Clerk of the Court shall enter judgment dismissing the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of June, 2005.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

```
sc 5/25
c:
Ronny Crook
```